## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| **Paul Michael Blaise, John Arnzen, Syveno J. Wright,** | |
| Plaintiffs, | No. 11-CV-4011-DEO |
| vs. | INITIAL REVIEW ORDER |
| **Terry E. Branstad, Governor of Iowa, et. al.,** | |
| Defendants | |

### I. INTRODUCTION AND BACKGROUND

Mr. Blaise, Mr. Arnzen, and Mr. Wright are currently committed to the Civil Commitment Unit for Sex Offenders (CCUSO)[1] in Cherokee, Iowa. Before this Court is Plaintiffs' motion to proceed in forma pauperis, motion for the appointment of counsel, and 42 U.S.C. § 1983 Petition. Docket Nos. 1, 1-1, and 2. The Plaintiffs allege that Iowa's Sexually Violent Predators Act of 1998 violates their 14th Amendment right to equal protection under the law by discriminating against them on the basis of gender. Docket

---

[1]CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #410-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited July 14, 2011. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

No. 1-1, 2.

Recently, CCUSO committees, some more than others, have inundated this Court with numerous complaints, imposing a substantial strain on this Court's resources. Though this Court generally favors allowing pro se indigents to proceed in forma pauperis and be afforded counsel to aid in the development of their claims, a real need to screen frivolous claims in order to give due regard to claims with merit has arisen. Therefore, before considering Plaintiffs' motions, this Court will consider whether Plaintiffs' claim of gender discrimination has sufficient merit to proceed.

## II. MERIT OF PLAINTIFFS' CLAIM

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted). However, 28 U.S.C. § 1915(e)(2)(I) allows a court to dismiss a "case at any time if the court determines" the complaint fails "to state a claim on which relief may be granted . . . ."

Although it is a long-standing maxim that a complaint's

2

factual allegations are to be accepted as true at the early stages of a proceeding, this does not entail that a court must entertain any complaint no matter how implausible. The Supreme Court has ruled that the facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." <u>Id.</u> at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief." <u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id.</u> at 1949.

The 14th Amendment to the United States Constitution provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court has expressed that there is "a strong

3

presumption that gender classifications are invalid" under the Equal Protection Clause. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 152 (1994).

The Plaintiffs specifically allege that Iowa's Sexually Violent Predators Act of 1998 (the "Act") "seeks Retribution against only males for their sexual crimes, & not females who commit the same type of crimes . . . ." Docket No. 1-1, 2. This allegation/legal conclusion, in terms of the wording of the statute, is simply false. The Act itself does not target "men," but rather sexually violent "persons." I.C.A. § 229A.1 - 229A.16. Sexually violent persons are not a protected class under 14th Amendment equal protection. When a statutory scheme does not specifically classify based on a suspect class, such as persons of a certain race, alienage, religion, gender, or national origin, "uneven effects upon" suspected classes "are ordinarily of no constitutional concern." Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 272 (1979). The 14th Amendment "guarantees equal laws, not equal results." Id. at 274.

Still, "when a neutral law has a disparate impact" on a suspect class "an unconstitutional purpose may still be at work," and there is no doubt that the Act in question here has

almost exclusively affected men.  Id.  In order to make a disparate impact claim, a claimant must prove the intention of the law was to discriminate against a suspect class.  M.L.B. v. S.L.J., 519 U.S. 102, 135 (1996).  If the impact of a law "could not be plausibly explained on a neutral ground, impact itself would signal that the real classification made by the law was in fact not neutral."  Id. at 275.

In this case, the Act's primary purposes are to protect the public and treat sexually violent predators.  I.C.A. § 229A.1  This Court is convinced these purposes are entirely plausible and rationally related to a legitimate state interest.  An assertion that the Act seeks to hinder the male gender with respect to anything other than the proclivity of some males to be sexually violent predators is untenable. I.C.A. §§ 229A.1 - 229A.16.  If a woman were to be deemed a sexually violent predator, the clear terms of the Act would apply to her.  Id.  To imply that the Iowa Legislature passed this Act in order to fulfill a discriminatory animus they harbor against men is pure speculation and highly implausible. Furthermore, given the gender neutral language of the Act, Plaintiffs' complaint rests on a legal conclusion, i.e. the Act "seeks Retribution against only males," and provides no

5

facts in support thereof.  Docket No. 1-1, 2.  **Therefore, Plaintiffs have failed to state a claim on which relief can be granted, and their complaint is dismissed.  The Clerk of Court shall file the complaint for the purpose of making a record.  Further, their request to proceed in forma pauperis and be appointed counsel are denied as moot.**

**IT IS SO ORDERED** this 26th day of August, 2011.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa